IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.L.,<br><br>and<br><br>C.L. and J.D.,<br>On A.L.'s behalf and in their own right,,<br><br>        Plaintiffs,<br><br>        v.<br><br>DISTRICT OF COLUMBIA,<br>A Municipal Corporation,<br>One Judiciary Square,<br>441 Fourth Street, NW,<br>Washington, D.C. 20001,<br><br>        Defendant. | **Civil Action No.** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Preliminary Statement

1. This is an action for reimbursement of attorneys' fees and costs incurred by plaintiffs, a student with educational disabilities and her parents in their successful Due Process Appeal under the IDEA. Defendant has failed to carry out its legal duty to reimburse those fees and, without the Court's intervention, plaintiffs will not obtain relief.

**Jurisdiction**

2. This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(I)(3); and 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

**Parties**

3. A.L. is a nineteen-year-old, educationally disabled student who at all times relevant to this action was a resident of the District of Columbia. Her parents, C.L. and J.D., bring this action on A.L.'s behalf and in their own right. A.L.'s mother, C.L., also possesses an educational power of attorney for A.L.

4. The District of Columbia is a municipal corporation receiving federal funds under the IDEA. 20 U.S.C. §§ 1400 et seq. DCPS is a local educational agency as defined by 20 U.S.C. § 1401, and as a part of the District of Columbia, receives financial assistance from the United States Department of Education. DCPS is responsible for complying with federal law with respect to the provision of a FAPE to each educationally disabled child in the District of Columbia. OSSE is the state education agency for the District of Columbia.

**Factual Allegations**

5. A.L. is a nineteen-year-old educationally disabled student who has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), Post-Traumatic Stress Disorder ("PTSD"), a Reactive Attachment Disorder, a Developmental Coordination Disorder, a Language Disorder, and a Specific Learning Disorder with Impairment in Mathematics.

6. A.L. has been found eligible for special education services by the District of Columbia Public Schools ("DCPS" or "the school system"), as a student with an Emotional Disturbance ("ED"), and has been placed at the Grove School ("Grove"), in Madison, Connecticut by the Office of the State Superintendent of Education ("OSSE") since March 5, 2024.

7. In May 2024, the parties engaged in a due process hearing regarding the appropriateness of A.L.'s proposed educational program by her local school system, DCPS, for the 2022-23 and 2023-24 school years until the point of her placement at Grove in March 2024.

8. On May 30, 2024, the Hearing Officer issued his Hearing Officer Determination, awarding the parents reimbursement for A.L.'s placement at Grove for the 2022-23 and 2023-24 school years, retroactive to April 18, 2023.

9. In his Decision, the Hearing Officer specifically noted that, "Although OSSE was not found to have denied Student a FAPE, D.C. Code § 38-2561.03(c) provides that 'The SEA shall be responsible for paying the costs of education, including special education and related services, of a student with a disability when the student is placed at a nonpublic special education school or program pursuant to this section…' In the event there is authority to impose these charges on DCPS, the hearing officer invites a Motion for Reconsideration by OSSE."

10. OSSE did not file any Motion for Reconsideration.

11. In July 2024, parents' counsel submitted an application for reimbursement of attorneys' fees pursuant to the Hearing Officer's Decision to both DCPS and OSSE.

12. Despite numerous attempts at follow up, plaintiffs have not received a response from DCPS or OSSE regarding the attorneys' fees, nor have they received any reimbursement for the fees.

13. Defendant has failed to reimburse those fees and costs that have been submitted.

14. Defendant's refusal to pay is arbitrary and capricious.

15. Defendant has indicated no intention of reimbursing attorneys' fees and costs to the plaintiffs.

16. Defendant's failure to reimburse the attorneys' fees and experts costs violates the IDEA.

17. Defendant's failure to reimburse the attorneys' fees and experts' costs violates plaintiffs' rights to due process of law.

WHEREFORE, plaintiffs respectfully request that this Court issue a judgment and order:

1. Declaring that defendant has violated plaintiffs' rights under the IDEA;
2. Compelling defendant to pay plaintiffs and their counsel reasonable attorneys' fees as defined by the IDEA;
3. Awarding plaintiffs their reasonable attorneys' fees and costs for this action;
4. Awarding such other relief as may be just and proper.

Respectfully Submitted,

/s/ Michael J. Eig
Michael J. Eig            #912733
Paula A. Rosenstock       #494580

       Meghan M. Probert       #1004929

       MICHAEL J. EIG AND ASSOCIATES, P.C.
       5454 Wisconsin Avenue
       Suite 760
       Chevy Chase, Maryland 20815
       (301) 657-1740
       Michael.Eig@lawforchildren.com

       Counsel for Plaintiffs